UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MOISES VILLA and MAYELA JIMENEZ, | ) |
| Plaintiffs, | ) ) ) |
| | ) CASE NO. 1:20-cv-1881 |
| v. | ) ) |
| THE ZURICH SERVICES CORPORATION dba ZURICH AMERICAN INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

## NOTICE OF REMOVAL

Under 28 U.S.C. §§ 1331 and 1446, Defendant, Zurich American Insurance Company (incorrectly named as The Zurich Services Corporation), by counsel, files this *Notice of Removal* to remove the above-captioned lawsuit to this Court. Defendant, appearing only to effect removal, and preserving all available defenses, states:

### VENUE

1.  On June 11, 2020, Plaintiffs filed their Complaint against Defendant in the Superior Court of Marion County, Indiana, under cause number 49D02-2006-PL-019067 (the "State Court Action").

2.  Removal of the State Court Action to the Southern District of Indiana, Indianapolis Division, is proper under 28 U.S.C. § 1441(a), because the Southern District of Indiana, Indianapolis Division, embraces Marion County, where the State Court Action is pending.

### REMOVAL IS TIMELY

3.  Less than 30 days ago, on June 15, 2020, Defendant was served with a Summons and Plaintiffs' Complaint.

4. On July 7, 2020, Defendant's undersigned counsel appeared in the State Court Action and moved for an extension of time to respond to Plaintiffs' Complaint.

5. On July 8, 2020, the court in the Underlying Action entered an order granting Defendant an extension of time, to August 7, 2020, to respond to Plaintiffs' Complaint.

6. There have been no other proceedings in the State Court Action.

7. Thus, Defendant's Notice of Removal is timely under 28 U.S.C. § 1446(b).

## FEDERAL QUESTION JURISDICTION EXISTS

8. In the State Court Action, Plaintiffs' Complaint alleges that Plaintiff Moises Jimenez was injured "while he was operating a metal roller press in the course and scope of his employment" and that his injuries "were severe, resulting in the amputation of the entireties of his left index and middle fingers above their metacarpophalangeal joints, as well as the distal portion of his left thumb." (ECF No. 1-1, ¶¶ 8-9).

9. At the time, according to Plaintiffs' Complaint, "Moises' mother, Mayela, was employed by the TJX Companies, Inc. ('TJX'), which held Accidental Death and Dismemberment Insurance Policy No. GTU 4379556 (the 'AD&D Policy') with Defendant." (*Id.* ¶ 7).

10. In their Complaint, Plaintiffs allege that "Mayela filed Claim No. 7370067050 (the 'Claim') with Defendant, seeking dismemberment benefits under the AD&D Policy," but "Defendant sent a letter to Moises indicating that the Claim was denied because it did not believe the injuries he sustained as a result of the Accident were covered under the AD&D Policy." (*Id.* ¶¶ 10-11). According to their Complaint, "Moises and Mayela, by counsel, appealed Defendant's denial of the Claim to Defendant's ERISA Appeal Committee," which "affirmed the Denial of the Claim." (*Id.* ¶¶ 12-13).

11. Plaintiffs allege that Moises is entitled to "collect accidental dismemberment benefits as outlined in the AD&D Policy pursuant to ERISA § 502(a)(1)(B)" (*Id.* ¶ 18), and that "Defendant's failure and refusal to pay the benefits due to Moises as outlined in the AD&D Policy and pursuant to the express language thereof constitutes a violation of ERISA (29 U.S.C. § 1132)." (*Id.* ¶ 19).

12. In their Complaint, Plaintiffs ask this Court to enter a judgment against Defendant for: "1) their unpaid benefits outlined in the AD&D Policy; 2) Plaintiffs' attorneys' fees and costs pursuant to ERISA § 502(g) and Ind. Code § 34-52-1-1 in an amount yet to be fully determined; and 3) pre- and post-judgment interest at the statutory rate of eight percent (8.0%) per annum; and grant all other relief it deems just and proper in the premises." (*Id.* at p. 4).

13. Under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e), this Court has original jurisdiction over the State Court Action because Plaintiffs bring a claim against Defendant under Section 502(a)(1)(B) of ERISA. (ECF No. 1-1, pp. 3-4).

14. Section 502(a)(1)(B) of ERISA provides that "[a] civil action may be brought…by a participant or beneficiary…to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

15. ERISA preempts any state-law claims alleged in the State Court Action and provides the exclusive federal remedy for resolution of ERISA-related claims, such as Plaintiffs' claim for benefits under the AD&D Policy. *See* ERISA §§ 502(a)(2)(B) and 514; 29 U.S.C. §§ 1132(a)(1)(B) and 1144.

16. A civil action filed in state court which is preempted by ERISA and within the scope of Section 502(a)(1) is appropriate for removal to federal court under 28 U.S.C. § 1441(a) as an action arising under federal law. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

17. The State Court Action does not fall within any class of actions under which applicable rules, laws, or statutes limit or prohibit removal to this Court.

18. For these reasons, the State Court Action is properly removed to this Court under 28 U.S.C. §§ 1441(a) and 1146.

## STATUTORY REQUIREMENTS

19. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81-2, the State Court Record as of the date of this Notice of Removal is attached and include the following: Appearance of Garrett M. Lewis; Summons to The Zurich Services Corporation dba Zurich American Insurance Company; Complaint; Appearance of Meghan E. Ruesch and Michael R. Giordano; Motion for Enlargement of Time; and Order Granting Motion for Enlargement of Time.

20. Under 28 U.S.C. § 1446(d), Defendant will file a copy of this Notice of Removal with the Superior Court of Marion County, Indiana, and Defendant will serve Plaintiffs with both this Notice of Removal and the Notice of Filing Notice of Removal.

WHEREFORE, Defendant, Zurich American Insurance Company (incorrectly named as The Zurich Services Corporation), by counsel, gives notice of the removal of the State Court Action to this Court.

LEWIS WAGNER, LLP

/s/ *Michael R. Giordano*
MEGHAN E. RUESCH, #32473-49
MICHAEL R. GIORDANO, #31317-53
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

On July 15, 2020, a copy of the foregoing was served on the following parties electronically by using the Court's ECF System and U.S. Postal Service, pre-paid delivery for those parties not yet registered:

Garrett M. Lewis
GOODIN ABERNATHY, LLP
301 East 38th Street
Indianapolis, Indiana 46205
*Counsel for Plaintiffs*

                              By: /s/ *Michael R. Giordano*
                                  MICHAEL R. GIORDANO

LEWIS WAGNER, LLP
501 Indiana Avenue, Suite 200
Indianapolis, IN 46202
Telephone:    317-237-0500
Facsimile:    317-630-2790
mruesch@lewiswagner.com
mgiordano@lewiswagner.com